IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO
SENIOR JUDGE MARCIA S. KRIEGER

Civil Action No. 18-cv-02005-MSK-MEH

**GABRIEL O'MARA,**

    Plaintiff,

v.

**LEAH THRAILKILL,
HALEY LNU,
JESSICA DONDERO,
LYNN LNU,
MARGARET WEAR,
DIANA MCLAIN,
RACHEL SEGERDAHL,
TREVOR E.,
VANESSA LNU,
JEREMY LNU,
GREGORY VAN WYK,
EAGLE COUNTY SHERIFF, and
CORRECT CARE SOLUTIONS,**

    Defendants.

_____

**OPINION AND ORDER GRANTING MOTION FOR SUMMARY JUDGMENT,
ADOPTING RECOMMENDATION, AND DISMISSING CLAIMS**
_____

**THIS MATTER** comes before the Court pursuant to Defendants Gregory Van Wyk and Eagle County Sheriff's ("the Eagle Defendants") Motion for Summary Judgment **(# 29)**, to which Mr. O'Mara filed no response; and the Magistrate Judge's May 16, 2019 Recommendation **(# 52)** that Mr. O'Mara's claims against those Defendants who have not yet been served with process – that is, all Defendants other than the Eagle Defendants – be dismissed pursuant to Fed. R. Civ. P. 4(m), to which no party has filed Objections.

1

# FACTS

According to the Amended Complaint **(# 7)**, Mr. O'Mara suffers from a gastrointestinal illness called ulcerative colitis. He manages that condition through the use of a medication called Humira, which he takes on a bi-weekly basis. Failure to take Humira as scheduled can lead to "flare-ups" of his condition, resulting in significant pain and bloody stools.

In August 2016, Mr. O'Mara was convicted of a crime and sentenced to serve 60 days of incarceration at the Eagle County Detention Facility. When Mr. O'Mara arrived at the facility on August 10, 2016, he informed the facility's medical staff (including many of the named Defendants herein) that his next dose of Humira was scheduled for August 12, 2016. Subject to the discussion below, Mr. O'Mara alleges that he was not provided with Humira for several weeks, during which time he experienced constant painful flare-ups. Eventually, medical staff noticed an "alarming amount of blood in his stool" and eventually began administering Humira to Mr. O'Mara beginning on or about September 1, 2016. By that point in time, the regular dose of Humira was ineffective at treating his continuing symptoms, but Mr. O'Mara contends that the facility's medical staff failed to provide him with further treatment to alleviate those symptoms. On September 10, 2016, Mr. O'Mara was finally taken to the emergency room at a local hospital, where his symptoms were finally addressed. Mr. O'Mara was released from the detention facility on September 29, 2016.

In March 2017, Mr. O'Mara was convicted of another offense and sentenced to a term of 150 days in the Eagle County Detention Facility. Mr. O'Mara began that sentence on or about March 16, 2017, and was initially provided with Humira as scheduled. However, on May 1, 2017, the device Mr. O'Mara used to self-administer the Humira malfunctioned. Although Mr. O'Mara arranged for his pharmacist to promptly provide a replacement dosage to the facility,

that replacement had still not arrived by May 11, 2017, and Mr. O'Mara complained to prison staffers about the situation. The following day, Mr. O'Mara was transferred to the Summit County Detention Facility. Mr. O'Mara believes that this transfer was a purposeful attempt by unspecified persons to relieve Eagle County of the burden of providing the Humira to him.

Mr. O'Mara received a dose of Humira upon arriving in Summit County, but because of the delay in administering it, he began to experience another flare-up. On May 18, 2017, Summit County officials transferred Mr. O'Mara to a local hospital for treatment of the flare-up. Mr. O'Mara was released from the hospital the following day and returned to the Eagle County Detention Facility with a prescription for a regimen of steroids to help alleviate his symptoms. Mr. O'Mara contends that the medical staff stopped administering the steroids by June 1, 2017, causing his flare-up symptoms to intensify. On numerous occasions thereafter, Mr. O'Mara made many requests to the facility's medical staff for additional treatment, but those requests were ignored. Mr. O'Mara was released from the facility on July 18, 2017.

Based on these facts, Mr. O'Mara commenced this action, asserting numerous claims pursuant to 42 U.S.C. § 1983 against various Defendants under various theories, all springing from the contention that the Defendants demonstrated deliberate indifference to Mr. O'Mara's serious medical needs in violation of the 8th Amendment to the U.S. Constitution, and several claims of common-law negligence or negligent supervision, presumably under Colorado law, against various Defendants.

To date, Mr. O'Mara has only filed affidavits of service reflecting service of process on the two Eagle Defendants (**# 9, 10**); all other Defendants remain un-served. As a result, on March 8, 2019, the Magistrate Judge issued an Order (**# 47**) noting the lack of service and

directing Mr. O'Mara[1] to show cause why the claims against the un-served Defendants should not be dismissed pursuant to Fed. R. Civ. P. 4(m). A copy of that Order was served on Mr. O'Mara at his address of record **(# 49)**. Mr. O'Mara did not respond to the Order by the deadline given by the Magistrate Judge, and on May 16, 2019, some nine months after this case was commenced, the Magistrate Judge issued a Recommendation **(# 52)** that the claims against the un-served Defendants be dismissed pursuant to Fed. R. Civ. P. 4(m). That Recommendation was also served on Mr. O'Mara at his address of record, but neither Mr. O'Mara nor any other party in this action has filed Objections to it.

The Eagle Defendants move **(# 29)** for summary judgment on the claims against them, arguing: (i) as a factual matter, the undisputed evidence in the record reveals that Mr. O'Mara received his Humira on his regular schedule, and therefore, there is no evidence to support his deliberate indifference claim against any Defendant; (ii) Mr. O'Mara's inability to prove any deliberate indifference claim prevents him from establishing his municipal liability claim against the Eagle County Sheriff's Office or Captain Van Wyk; and (iii) to the extent Mr. O'Mara can establish a claim against Captain Van Wyk, Captain Van Wyk is entitled to qualified immunity. The Court granted **(# 43)** Mr. O'Mara an extension of time until March 14, 2019 "or such other date as the Magistrate Judge may determine" for the submission of Mr. O'Mara's response to the

---

[1]  Mr. O'Mara's counsel was allowed to withdraw from this action on March 7, 2019 **(# 48)**, leaving Mr. O'Mara proceeding *pro se*. The period provided by D.C. Colo. L. Civ. R. 7.1(A) for Mr. O'Mara to respond to the Eagle Defendants' summary judgment motion had expired by that date, so the Court will treat Mr. O'Mara's failure to respond to that motion as having been made with the assistance and advice of counsel. Mr. O'Mara was *pro se* regarding the Magistrate Judge's Order regarding service of process and subsequent Recommendation, and the Court will evaluate that issue mindful of Mr. O'Mara's *pro se* status under *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972). However, the Court notes that, because Mr. O'Mara has not filed any papers since his counsel withdrew, there are no filings for the Court to liberally construe in his favor.

Eagle Defendants' motion. Although the Magistrate Judge subsequently permitted Mr. O'Mara's counsel to withdraw, nothing in the record indicates that the Magistrate Judge granted a further extension of time to Mr. O'Mara to file a summary judgment response. To date, Mr. O'Mara has not filed any response to the Eagle Defendants' motion.

## ANALYSIS

### A. The Recommendation

The Recommendation advised the parties of the operation of Fed. R. Civ. P. 72(b), requiring any Objections to the Recommendation to be filed with 14 days of service. The record reflects that Mr. O'Mara was served with a copy by mail, at his address of record, sent the same date the Recommendation was issued. More than 14 days have passed since the Recommendation was served and no party has filed Objections. In such circumstances, the Court reviews the Recommendation under whatever standard of review it deems appropriate. *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991). The Court has reviewed the Recommendation for clear error and, finding none, adopts the Recommendation in its entirety. Accordingly, the claims against all Defendants other than the Eagle Defendants are dismissed without prejudice, pursuant to Fed. R. Civ. P. 4(m) and 12(b)(5), for failure to serve process.

### B. The Eagle Defendants' motion

When faced with a properly-supported motion for summary judgment, the party with the burden of proof may not simply rest on its pleadings, but must come forward with evidence that, taken in the light most favorable to the non-movant, establishes a genuine dispute requiring trial as to a material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); Fed. R. Civ. P. 56(c)(1). A party who fails to respond to a summary judgment motion does not necessarily concede that motion, but the party's failure to present evidence in opposition allows the Court to

conclude that the facts demonstrated by the movant's evidentiary submissions are undisputed. Fed. R. Civ. P. 56(e)(2). The Court then considers whether summary judgment is appropriate in favor of the movant in light of those undisputed facts. *See e.g. Perez v. El Tequila, LLC*, 847 F.3d 1247, 1254-55 (10th Cir. 2017).

Here, the Eagle Defendants have come forward with two exhibits, a medication log for Mr. O'Mara's time in the Eagle County Detention Facility, and the affidavit of Captain Van Wyk elaborating on that log. Captain Van Wyk states that, based on the log (and contrary to the allegations in Mr. O'Mara's Amended Complaint), Mr. O'Mara was administered Humira on August 11, 2016, the day after his initial arrival at the detention facility, and every two weeks thereafter until the date of his release. During Mr. O'Mara's second period of incarceration in Eagle County, the log indicates that Mr. O'Mara first received Humira on March 20, 2017, four days after his arrival, and that he received doses almost exactly every two weeks thereafter[2] until his release. Captain Van Wyk's affidavit also establishes that medical services at the Eagle County Detention Facility are provided by a contractor, Correct Care Solutions, LLC, not by the staff of the Sheriff's Office. Captain Van Wyk states that he, as Administrator of the detention facility, "do[es] not supervise, manage, or control the actions or medical decisions made by" Correct Care Solutions' staff, "nor do I have the authority to do so."

To establish an 8th Amendment claim premised upon delay or denial of prison medical care, an inmate must show: (i) that he had a serious medical need; (ii) that the defendant in question was aware of that need; and (iii) that despite that awareness, the defendant delayed or

---

[2] The affidavit indicate that Mr. O'Mara was administered a dose of Humira on May 29, 2017. His next dose would thus be due on June 12, 2017, two weeks later. The affidavit appears to reflect that that dose was delayed by three days and administered to Mr. O'Mara on June 15, 2017 instead. The next dose was administered on June 28, 2017, thirteen days after the prior dose, and then the 14-day schedule resumed until Mr. O'Mara was released.

6

refused medical treatment in circumstances manifesting a deliberate indifference to the risk that the inmate would suffer substantial harm as a result of the untreated need. *See Henderson v. Fisher*, 767 Fed.Appx. 670 (10th Cir. 2019). Where the defendant is not a medical provider or a gatekeeper who controls an inmate's access to a medical provider – as is the case with Captain Van Wyk – the inmate must also come forward with evidence that demonstrates an affirmative link between the constitutional deprivation and the defendant's actions, his exercise of control, or his failure to supervise. *Green v. Branson*, 108 F.3d 1296, 1302 (10th Cir. 1997).

Here, the undisputed facts demonstrate that Mr. O'Mara received every dose of Humira, as scheduled (with one minor exception), while in custody of Eagle County. In the absence of contrary evidence, this fact disposes of any 8th Amendment claim that Mr. O'Mara could assert arising from the alleged lack of administration of the Humira itself. But the Court reads Mr. O'Mara's Amended Complaint more broadly, alleging that (regardless of whether he received the Humira) Mr. O'Mara also suffered from painful and debilitating flare-ups of his condition that the detention facility's medical staff failed to properly treat. The medication log and Captain Van Wyk's affidavit do not address nature and extent of these flare-ups, nor the nature, timeliness, and efficacy of the medical treatment that the detention center's medical staff provided for them. Thus, the Court does not necessarily agree with the Eagle Defendants that the evidence that they have tendered conclusively defeats any 8th Amendment claim Mr. O'Mara could assert.

But the Court does agree with the Eagle Defendants that, in the absence of any evidentiary presentation by Mr. O'Mara, Captain Van Wyk's unrebutted assertion that he lacked any ability to direct or control the facility's medical staff precludes Mr. O'Mara from asserting a colorable 8th Amendment claim against Captain Van Wyk arising out of the medical staff's

failure to provide Mr. O'Mara with treatment. As noted above, Mr. O'Mara must come forward with evidence that connects some action personally performed by Captain Van Wyk to a constitutional deprivation committed by a member of the facility's medical staff. Most of Mr. O'Mara's Amended Complaint (which is not verified and thus does not serve to place any fact in dispute for purposes of this motion) contends that Captain Van Wyk may be held liable for the medical staff's actions under a failure to train or failure to supervise theory.[3] But because Mr. O'Mara has not come forward with evidence to dispute Captain Van Wyk's affidavit, the Court treats as undisputed Captain Van Wyk's assertion that he lacked the power to control or direct the facility's medical staff in any way. Absent the power to control the medical staff, Captain Van Wyk cannot be held liable for failing to train or supervise that staff. Thus, Captain Van Wyk is entitled to summary judgment on Mr. O'Mara's § 1983 claims against him.

As to his claim against the Eagle County Sheriff (which the Court understands to be a claim against the Sheriff's <u>Office</u>, not the particular unidentified individual who served as the Sheriff at the time), the analysis is much the same. The Sheriff's Office cannot simply be held vicariously liable for any 8th Amendment violations the facility's medical staff (who are not even Sheriff's Department employees) may have committed. Rather, Mr. O'Mara must show that

---

[3] Mr. O'Mara alleges a single instance in which Captain Van Wyk may have personally participated in the events at issue here. Paragraph 101 of the Amended Complaint alleges that on June 7, 2017, Mr. O'Mara "submitted a written request to speak with Defendant Captain Van Wyk about his medical conditions and Defendants' failure to provide constitutionally-adequate care. Defendant Captain Van Wyk, however, never responded to Mr. O'Mara's request." The Court does not understand Mr. O'Mara's § 1983 claim against Captain Van Wyk (Claim Five) to assert that this single event suffices as an 8th Amendment claim in and of itself. To the contrary, the thrust of Claim Five is that Captain Van Wyk's "failure to train or supervise" the medical staff, not Captain Van Wyk's own interactions with Mr. O'Mara, are the basis of the claim against Captain Van Wyk. In any event, Mr. O'Mara's failure to come forward with any evidentiary material to support the allegations in Paragraph 110 would also result in summary judgment in favor of Captain Van Wyk on this claim.

some action taken by the Sheriff's Department itself was the "moving force" behind the constitutional violation, such as by demonstrating that some custom or policy of the Sheriff's Office caused that violation. *Board of County Commissioners v. Brown*, 520 U.S. 397, 403 (1997). Mr. O'Mara's allegations that the Sheriff's Office caused the alleged 8th Amendment violations are the same allegations he makes against Captain Van Wyk – that the Sheriff's Office failed to train or supervise the medical staff. But Captain Van Wyk's affidavit disclaiming any control over the medical staff is reasonably interpreted to indicate that the Sheriff's Office itself lacks that same ability to control or direct the medical staff. *See* Wan Wyk aff. ¶ 7-8. Because Mr. O'Mara has not come forward with evidence to the contrary, the Court adopts Captain Van Wyk's statements as undisputed and concludes that the record reflects that the Sheriff's Office does not have the ability to control or direct the actions of the detention facility's medical staff. Accordingly, Mr. O'Mara cannot show that any action by the Sheriff's Office was the cause of any 8th Amendment violation that one or more members of the medical staff may have committed.

Accordingly, the Eagle Defendants' Motion for Summary Judgment is granted.[4]

## CONCLUSION

For the foregoing reasons, the Eagle Defendants' Motion for Summary Judgment **(# 29)** is **GRANTED**. The Clerk of the Court shall enter judgment in favor of Defendants Eagle County Sheriff's Office and Gregory Van Wyk on the § 1983 claim(s) against them. The Court

---

[4] This ruling disposes of Mr. O'Mara's § 1983 claims against the Eagle Defendants. Because the dismissal of or entry of judgment on all § 1983 claims against all Defendants terminates all claims over which this Court has original jurisdiction, the Court declines to exercise supplemental jurisdiction over Mr. O'Mara's negligence claims under Colorado law. *See* 28 U.S.C. § 1367(c)(3). Accordingly, Mr. O'Mara's negligence claims against the Eagle Defendants are dismissed for lack of subject-matter jurisdiction.

**ADOPTS** the Recommendation **(# 52)** and **DISMISSES** all claims, without prejudice, against all of the remaining Defendants pursuant to Fed. R. Civ. P. 4(m). The Court **DISMISSES** Mr. O'Mara's negligence claim(s) against the Eagle Defendants for lack of subject-matter jurisdiction. There being no remaining claims in this action requiring adjudication, the Clerk of the Court shall close this case.

Dated this 20th day of June, 2019.

BY THE COURT:

Marcia S. Krieger
Senior United States District Judge